UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MARCIA PEARSON,

                Plaintiff,

      - against -

SARAH REID-ROBINSON,

                Defendant.
-----------------------------------------------------------------------X

**ORDER ADOPTING REPORT**
**AND RECOMMENDATION**
16-CV-3139 (RRM) (PK)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff Marcia Pearson brought this diversity action alleging that defendant Reid-Robinson defrauded her of an inheritance from her aunt and interfered with her duties as administrator of her aunt's estate. (Compl. (Doc. No. 1); Amended Compl. (Doc. No. 12).) After Reid-Robinson failed to appear, the Clerk of Court issued an entry of default. (Entry of Default (Doc. No. 29.).) This Court then granted Pearson's motion for default judgment and referred the matter to the Honorable Magistrate Peggy Kuo for an inquest on damages. On June 25, 2018, Judge Kuo issued a Report and Recommendation ("R&R"), recommending that the default judgment be vacated and the complaint dismissed. (R&R (Doc. No. 39).) Judge Kuo reminded Pearson that Federal Rule of Civil Procedure ("Rule") 72(b) requires that any objections to the R&R be filed within 14 days. (*Id.* at 10.)

The R&R was mailed to Pearson on June 25, 2018. (*Id.*) The 14-day objection period expired on July 9, 2018. Approximately one month later, on August 8, Pearson filed a one-paragraph objection. (Pl.'s Obj. to R&R (Doc. No. 40).) In it, she argues that the R&R failed to address the allegation in her amended complaint that "the defendant used the Internet to falsely disseminate information of the decedent's parents and family, and thus, deliberately published pamphlets." (*Id.*)

The Court is not required to consider this late-filed objection. *See* 28 U.S.C. § 636(b). Even if it were, the objection would be wholly unavailing to Pearson. First, it is incorrect. Neither the complaint nor the amended complaint makes any allegation regarding the defendant's use of the Internet in any capacity. Second, it is irrelevant. Judge Kuo construes the amended complaint as raising claims for fraud and tortious interference with a fiduciary duty (a construction to which Pearson does not object), and she recommends dismissing these claims for failure to show reliance and failure to show interference, respectively. (R&R at 6, 9.) Reid-Robinson's supposed publication of false information on the Internet does not at all affect either of these determinations.

Nevertheless, in an abundance of caution, and with solicitude for *pro se* plaintiff Pearson, the Court has reviewed the entire R&R *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Having done so, the Court finds that Pearson has failed to raise a plausible claim for fraud or tortious interference with a fiduciary duty for the reasons set forth by Judge Kuo. As such, Pearson's objection is overruled, the R&R (Doc. No. 39) is adopted in its entirety, and the amended complaint is dismissed.

The Clerk of Court is respectfully directed to mail a copy of this Order to Pearson at the address listed on the docket and note the mailing on the docket. The Clerk of Court is further directed to enter judgment pursuant to this Order and close the case.

SO ORDERED.

Dated: Brooklyn, New York
April 1, 2019

s/Roslynn R. Mauskopf

ROSLYNN R. MAUSKOPF
United States District Judge

2